IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER PERSON,<br><br>                 Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                 Defendant.<br>_____/ | No. C 10-3021 MEJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff Dexter Person ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of Social Security, Defendant Michael J. Astrue ("Defendant"), denying Plaintiff's claim for disability insurance benefits. Pending before the Court are Plaintiff's motion to remand and Defendant's motion for summary judgment. (Dkt. ## 22, 23.) Having read and considered the parties' papers, the administrative record below, and the relevant legal authority, the Court hereby DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment for the reasons set forth below.

## II. BACKGROUND

**A.   Education and Work Experience**

Plaintiff was born on November 15, 1958. (Administrative Record ("AR") 24.) He attended high school through the eleventh grade. (AR 24.) In the past, Plaintiff worked as a cook, dishwasher, gardener, street sweeper, and mechanic. (AR 24, 254-55.)

**B.    Medical History**

The Court finds that Administrative Law Judge ("ALJ") Robert Wenten accurately summarized the factual background of this case in his decision.  (AR 23-32.)  Accordingly, a recitation here is unnecessary, and specific facts will be discussed below as needed.

**C.    Procedural Background**

On August 19, 2003, Plaintiff applied for supplemental security income ("SSI") and disability insurance benefits ("DIB"), pursuant to the Social Security Act, alleging that he became disabled on June 15, 2003.  (AR 7, 229-31.)  SSI benefits are not payable for any months before an application is filed.  *See* 20 C.F.R. § 416.335.  A claimant must establish the onset of disability prior to the expiration of his insured status for DIB; Plaintiff was insured for purposes of DIB through December 31, 2004.  *See* 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. § 404.131.  Plaintiff had previously received Social Security disability, but was removed from the rolls in 1997, pursuant to Public Law 104-121, 110 Stat. 847 (42 U.S.C. § 1282(a)(3)(J)) (claimant is ineligible for disability benefits if the claimant's drug addiction or alcoholism is a contributing factor material to the determination of disability).  (AR 23-24.)  That determination was affirmed at the hearing level in 2000.  (AR 24, 117-25.)

The agency denied Plaintiff's new 2003 application at the hearing level, and the Appeals Council granted Plaintiff's request for review and remanded his case for a new hearing and decision. (AR 144-59, 208-11.)  On December 19, 2007, Plaintiff appeared with a representative and testified before ALJ Wenten.  (AR 968-1023.)  In a decision dated February 4, 2008, the ALJ found that Plaintiff was not entitled to disability under the DIB program because his insured status expired on December 31, 2004; thus, Plaintiff did not meet the insured status requirements as of August 1, 2005.  (AR 32.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  (AR 10-13.)

On July 9, 2010, Plaintiff filed the above-captioned case, seeking review of the decision denying Social Security benefits.  Defendant filed an answer on January 25, 2011.  Pursuant to the

Procedural Order for Social Security Review Actions issued in this case, Plaintiff was ordered to file a motion for summary judgment or remand within 30 days of service of Defendant's answer. As Plaintiff failed to comply with the procedural order, the Court ordered Plaintiff to file a status report by May 19, 2011. Dkt. No. 18.

On May 2, 2011, Plaintiff filed a one-page status report in which he listed the medications he is currently taking, as well as provided information regarding his current medical treatment. Dkt. No. 19. In response, the Court reminded Plaintiff that its jurisdiction is limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence in the record, and whether the Secretary complied with the requirements of the Social Security Act in reaching the decision reviewed. Dkt. No. 21. Thus, the Court ordered Plaintiff to file a motion for summary judgment or remand by June 1, 2011. *Id.* Plaintiff subsequently filed a motion to remand on May 10, 2011. Dkt. No. 22.

**D.   The ALJ's Findings**

The regulations promulgated by the Commissioner of Social Security provide for a five-step sequential analysis to determine whether a Social Security claimant is disabled. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The sequential inquiry is terminated when "a question is answered affirmatively or negatively in such a way that a decision can be made that a claimant is or is not disabled." *Pitzer v. Sullivan*, 908 F.2d 502, 504 (9th Cir. 1990).

The ALJ must first determine whether the claimant is performing "substantial gainful activity," which would mandate that the claimant be found not disabled regardless of medical condition, age, education, and work experience. 20 C.F.R. § 404.1520(b). Here, ALJ Wenten determined that Plaintiff had not performed substantial gainful activity since June 15, 2203. (AR 26.)

At step two, the ALJ must determine, based on medical findings, whether claimant has a

"severe" impairment or combination of impairments as defined by the Social Security Act.[1] If no severe impairment is found, the claimant is not disabled. 20 C.F.R. § 404.1520(c). Here, ALJ Wenten determined that the evidence established that Plaintiff suffered from degenerative disc disease, right knee meniscal degeneration and small joint effusion, a probable learning disorder, and substance abuse. (AR 26.)

If the ALJ determines that the claimant has a severe impairment, the process proceeds to the third step, where the ALJ must determine whether the claimant has an impairment or combination of impairments which meets or equals an impairment in the Listing of Impairments. 20 C.F.R. § 404.1520(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1. If a claimant's impairment either meets the listed criteria for the diagnosis or is medically equivalent to the criteria of the diagnosis, he is conclusively presumed to be disabled. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). Here, ALJ Wenten determined that the severity of Plaintiff's musculoskeletal impairment equals the criteria set forth in the Listing of Impairments, but only since August 1, 2005. (AR 31.)

The fourth step of the evaluation process requires that the ALJ determine whether the claimant's Residual Functional Capacity ("RFC") is sufficient for him to perform past relevant work. 20 C.F.R. § 404.1520(e). RFC refers to what an individual can do in a work setting, despite limitations caused by medically determinable impairments. 20 C.F.R. § 416.945(a). In assessing an individual's RFC, the ALJ must consider his or her symptoms (such as pain), signs, and laboratory findings together with other evidence we obtain. 20 C.F.R. § 404, Subpt. P, App. 2 § 200.00(c). Here, ALJ Wenten determined that prior to August 1, 2005, Plaintiff retained the RFC to perform simple, entry-level light work, as defined at 20 C.F.R. §§ 404.1567(b) and 416.967(b). (AR 31.) Based on this RFC, the ALJ determined that Plaintiff was precluded from performing his past relevant work prior to August 1, 2005. (AR 31.)

---

[1] At step two, "severe" means any impairment or combination of impairments that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). This is a de minimis inquiry designed to weed out nonmeritorious claims at an early stage in the analysis. *Bowen v. Yuckert*, 482 U.S. 137, 148, 153-4 (1987). "[O]nly those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits" at step two of the analysis. *Id*. at 158.

United States District Court
For the Northern District of California

1    In the fifth step of the analysis, the burden shifts to the ALJ to prove that there are other jobs
2 existing in significant numbers in the national economy which the claimant can perform consistent
3 with the medically determinable impairments and symptoms, functional limitations, age, education,
4 work experience and skills. 20 C.F.R. § 404.1520(a)(4)(v); 20 C.F.R. § 404.1560(c). However,
5 based on Plaintiff's RFC and ability to perform light work, ALJ Wenten determined that Plaintiff is
6 not disabled. (AR 30-31.)

### III. LEGAL STANDARD

8    This Court has jurisdiction to review final decisions of the Commissioner pursuant to 42
9 U.S.C. § 405(g). The ALJ's decision must be affirmed if the findings are "supported by substantial
10 evidence and if the [ALJ] applied the correct legal standards." *Holohan v. Massanari*, 246 F.3d
11 1195, 1201 (9th Cir. 2001) (citation omitted). "Substantial evidence" means more than a scintilla,
12 but less than a preponderance, or evidence which a reasonable person might accept as adequate to
13 support a conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The court must
14 consider the administrative record as a whole, weighing both the evidence that supports and detracts
15 from the ALJ's conclusion. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). However,
16 where the evidence is susceptible to more than one rational interpretation, the court must uphold the
17 ALJ's decision. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Determinations of
18 credibility, resolution of conflicts in medical testimony, and all other ambiguities are to be resolved
19 by the ALJ. *Id*. Additionally, the harmless error rule applies where substantial evidence otherwise
20 supports the ALJ's decision. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (citation
21 omitted).

### IV. DISCUSSION

23    In his one-page motion to remand, Plaintiff argues that the ALJ's decision must be remanded
24 because it is "against my substantial evidence." Pl.'s Mot., Dkt. No. 22. Plaintiff states that he has
25 been disabled since June 15, 2003, and that the evidence of his impairments include "degenerative
26 lumbar disc disease, right knee degenerative joint disease, hearing loss, learning deficits, ch[r]onic
27 pain, [and] medications side effects." *Id.* Plaintiff provides no legal authority and cites to no

1 specific evidence in support of his motion.

2 In response, Defendant argues that the Court should deny Plaintiff's request for remand
3 because it fails to assert any particular error in the ALJ's decision, and it should therefore affirm the
4 Commissioner's final decision. Def.'s Opp'n at 3, Dkt. No. 23.

5 Plaintiff did not file an opposition to Defendant's motion.

6 The Court notes that Plaintiff's filings focus largely on his current condition. However, the
7 focus for the ALJ was Plaintiff's condition while he was entitled to disability insurance benefits.
8 Specifically, the Appeals Council found that Plaintiff was last insured for disability insurance
9 benefits on December 31, 2004. Thus, although ALJ Wenten determined that Plaintiff had been
10 disabled since August 1, 2005, he denied his application because Plaintiff failed to disprove the
11 Appeals Council's finding that he was last insured prior to that date. (AR 25.)

12 To be eligible for disability benefits, a worker must, among other things, be insured for
13 disability purposes and be disabled on that date. 42 U.S.C. § 416(I); *Chapman v. Apfel*, 236 F.3d
14 480, 482 (9th Cir. 2000) ("Every person claiming disability benefits must show that he is an
15 insured."). 20 C.F.R. § 404.101(a) provides, in part, that a claimant's "insured status" is a basic
16 factor in determining if someone is entitled to disability insurance benefits; if the person seeking
17 those benefits is neither fully nor currently insured, no benefits are payable. Here, because Plaintiff
18 failed to show that he was insured for disability benefits after December 31, 2004, and the ALJ
19 properly determined that Plaintiff was not disabled prior to that time, the decision must be affirmed.

## V. CONCLUSION

21 Based on the foregoing analysis, the Court hereby DENIES Plaintiff's motion to remand and
22 GRANTS Defendant's motion for summary judgment.

23 **IT IS SO ORDERED.**

Dated: June 14, 2011

MARIA-ELENA JAMES
United States Magistrate Judge